10116

### RICHARDSON v. ELLIS.

#### (98 S. E. 846.)

POSSESSION OF LAND UNDER AN UNRECORDED DEED—PURCHASER WITHOUT ACTUAL NOTICE OF SUCH DEED OR OF ITS NATURE AND PURPORT.—No possession of real property described in any instrument required by law to be recorded shall operate as notice of such instrument; and actual notice shall be deemed and held sufficient to supply the place of registration only when such notice is of the instrument itself or its nature and purport.

Before WILSON, J., Greenville, Spring term, 1918. Affirmed.

Action by James M. Richardson against R. W. Ellis. From an order confirming findings of master, to whom case was referred, defendant appeals.

*Messrs. Martin & Henry,* for appellant. *Mr. John C. Henry,* for appellant, submits: *That if equities should be found equal, prior equity would prevail:* 10 R. C. L. 386, 387. *An estate cannot be thrust upon a person against his will:* 8 R. C. L. 975. *To sustain a plea of bona fide purchaser without notice, three things are necessary:* "1. *That he has paid in full the purchase money.* 2. *That he has the legal title or the best right to it.* 3. *That he purchased bona fide without notice:*" 14 S. C. 312, 318. *As to notice:* 106 S. C. 322.

*Messrs. Langford & Richardson,* for respondent, submit: *That where a question of fact in a law case is passed upon by a referee and the Circuit Court the conclusion reached is final:* 77 S. C. 416; 87 S. C. 360. *The appellant has no claim in the property which he can assert against respondent, a bona fide purchaser, without notice:* Civil Code 1912, sec. 3542; 82 S. C. 379, 382; 91 S. C. 7, 12. *One holding under a quitclaim deed may be a purchaser without notice:* 86 S. C. 56.

January 17, 1919.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This action arose under section 3543 of the Code of Laws of 1912, which is as follows: "No possession of real property described in any instrument of writing required by law to be recorded shall operate as notice of such instrument; and actual notice shall be deemed and held sufficient to supply the place of registration only when notice is of the instrument itself or of its nature and purport."

The defendant entered into possession of the land in question, under such an instrument of writing as is required by law to be recorded.

The master, to whom the case was referred, found as matter of fact that the plaintiff, who subsequently purchased the land from the defendant's grantor, neither had notice of the instrument itself, nor of its nature and purport. On appeal these findings of fact were confirmed by his Honor, the Circuit Judge, and this appeal is from his order of confirmation.

The appellant has failed to satisfy this Court that there was error in said findings.

Affirmed.